# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| TARAS NYKORIAK, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No: 2:15-cv-12956-LJM-DRG |
| : | |
| GODADDY.COM, INC., : | Honorable Laurie J. Michelson |
| an Arizona Corporation, : | Hon. Magistrate Judge David R. Grand |
| : | |
| Defendant. : | |
| / | |

Taras P. Nykoriak
Pro Se
12147 McDougall
Hamtramck, Michigan  48212
Telephone:  313-850-4331
*taras@nykoriak.org*

Robert V. Campedel  (P47828)
Eckert Seamans Cherin & Mellott LLC
US Steel Tower, 44th Floor
600 Grant Street
Pittsburgh, PA 15219
Telephone:  412-566-6000
*rcampedel@eckertseamans.com*

*Attorneys for Defendant*

## MOTION TO DISMISS OR IN THE ALTERNATIVE
## TO TRANSFER VENUE

Defendant GoDaddy.com, LLC ("Defendant" or "GoDaddy"), improperly captioned as GoDaddy.com, Inc.,[1] moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) based on the forum selection clause contained in the parties' contract, or, in the alternative, to transfer venue to the U.S. District Court for the District of Arizona pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1404(a).[2]  Regardless of the Plaintiff's institution of this action in an improper forum, the Complaint otherwise fails to state any claim upon which relief could be granted.

---

[1] On information and belief, no entity by the name of GoDaddy.com, Inc. exists.
[2] The Federal Rules of Civil Procedure also allow for dismissal based on 12(b)(1)-(2) for lack of jurisdiction, because the Plaintiff has contractually consented to exclusive jurisdiction in the state and federal courts of Arizona.

{J1999733.1}                              1

## The Forum Selection Clause Is Valid and Enforceable

1. On May 27, 2015, in violation of a valid and enforceable contractual forum selection clause, the Plaintiff filed his Complaint in the Wayne County, Michigan Circuit Court.

2. The forum selection clause is set forth in GoDaddy's "Universal Terms of Service Agreement" ("UTOS"), and, in pertinent part, provides:

> . . . You agree that any action relating to or arising out of this Agreement shall be brought in the state or federal courts of Maricopa County, Arizona and you hereby consent to (and waive all defenses of lack of personal jurisdiction and forum non conveniens with respect to) jurisdiction and venue in the state and federal courts of Maricopa County, Arizona. You agree to waive the right to trial by jury in any action or proceeding that takes place relating to or arising out of the Agreement.

3. The Plaintiff agreed to the UTOS and the forum selection clause when he completed the application process for a domain name, website, and e-mail plan with GoDaddy. (*See* Affidavit of Matthew Wilson, which is Exhibit 1 to this Motion, with GoDaddy's UTOS attached thereto as Exhibit A).[3]

4. Forum selection clauses are favored and enforceable under federal, Arizona, and Michigan law. The forum selection clause at issue here is valid and enforceable.

5. Accordingly, the Plaintiff instituted this action in an impermissible forum, and the action is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6); in the alternative, the matter is subject to transfer to the District of Arizona pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1404(a).

---

[3] As more specifically discussed in the accompanying Brief in Support of Defendant's Motion to Dismiss, paragraph 4 of the Plaintiff's Complaint states that "the contract provides that the County of WAYNE is the proper venue for any action arising out of the agreement." (Complaint ¶ 4). However, the Plaintiff attached no such agreement to the Complaint, and none exists to GoDaddy's knowledge, information, and belief.

### The Plaintiff's Non-Contract Claims Are Barred

6. Though palpably meritless and inadequately pled, the essence of the Plaintiff's Complaint is a claim for breach of contract.

7. However, in addition to an alleged breach of contract claim, the Plaintiff also purports to assert separate claims sounding in tort.

8. Under the economic loss doctrine, the Plaintiff cannot convert a contract claim into tort claims.

9. Consequently, the Plaintiff's non-contract causes of action are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

### The Plaintiff Fails to State any Claim upon which Relief Could Be Granted

10. The Plaintiff's Complaint purports to set forth causes of action for:

    a. Breach of Contract;
    b. Money Had and Received;
    c. Fraud; and
    d. Common Law Business Disparagement (Defamation) and Tortious Interference In a Business Relationship or Expectancy.

### Count I – Breach of Contract

11. The Plaintiff failed to attach his purported contract or sufficiently identify the contractual terms that GoDaddy allegedly breached.

12. The Plaintiff's claim for breach of contract fails to state a claim upon which relief can be granted.

### Count II – Money Had and Received

13. The Plaintiff's claim for money had and received fails to identify what monies allegedly were paid by the Plaintiff or received by GoDaddy, and fails to state whether or not GoDaddy wrongfully retained any payment.

14. The Plaintiff's claim for money had and received fails to state a claim upon which relief can be granted.

### Count III – Fraud

15. The Plaintiff's claim for fraud does not meet the minimum pleading requirements, let alone the heightened standards, for pleading a cause of action for fraud pursuant to Fed. R. Civ. P. 9(b).

16. Consequently, the Plaintiff fails to state a claim for fraud upon which relief can be granted.

### Count IV – Defamation and Tortious Interference

17. The Plaintiff fails to state a valid claim for business disparagement, defamation, or tortious interference.

18. The Plaintiff's Complaint fails to set forth what defamatory remarks allegedly were made, when they were made, or to whom they were made.  The Complaint, by failing to describe the alleged defamatory statement at all, fails by necessity to plead any statements capable of defamatory meaning.

19. With regard to a purported claim for tortious interference, the Plaintiff fails to identify the alleged existing or prospective contracts at issue and also fails to sufficiently plead whether or how any breach of the existing contract(s) occurred, whether the prospective contracts were anything more than a mere hope, or whether and how the prospective contracts failed to materialize.

20. The Plaintiff also fails to sufficiently plead that GoDaddy intended to interfere with the Plaintiff's alleged relationships in order to cause the Plaintiff harm.

21. Count IV thus fails to state any claim upon which relief can be granted.

**Seeking Concurrence for Motion**

22.     Pursuant to Local Rule 7.1, on August 11, 2015, Kevin P. Allen, a member of GoDaddy's counsel's firm, attempted to contact the Plaintiff for purposes of discussing this case and this motion and left a voicemail message requesting a return phone call.  The Plaintiff has not returned the call.

WHEREFORE, Defendant, GoDaddy.com, LLC, for the reasons set forth herein and in the supporting brief filed contemporaneously herewith and incorporated by reference, requests that the Court dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12 (b)(6) or, in the alternative, transfer venue to the U.S. District Court for the District of Arizona pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1404(a).[4]

Dated:  August 26, 2015                         Respectfully submitted,

*/s/ Robert V. Campedel*
Robert V. Campedel
P47828
Eckert Seamans Cherin & Mellott LLC
US Steel Tower, 44th Floor
600 Grant Street
Pittsburgh, PA 15219
Telephone:  412-566-6000
Facsimile:  412-566-6099
*rcampedel@eckertseamans.com*

---

[4] In the event that the Court does not dismiss the Complaint in its entirety pursuant to Rule 12(b)(6) or transfer this matter, GoDaddy requests that the Court order the Plaintiff to file a more definite statement pursuant to Fed. R. Civ. P. 12(e) in order to address and correct the deficiencies in the Complaint as set forth above.

{J1999733.1}                                              5